IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 8:10CR396 |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| ARMANDO PEREZ-LOPEZ, ) | |
| ) | |
| Defendant. ) | |

This case is before the court on the defendant's Motion to Sever (#37) and Motion to Compel (#39) identification of cooperating witness. Oral argument on the motions was heard on December 22, 2010. The court has considered the motions, briefs, and arguments, and finds as follows:

**Motion to Sever (#37)**

The defendant's Motion to Sever his trial from that of his co-defendant, Francisco Monzon-Rivas, is denied. The alleged statements at issue are statements of a co-conspirator, which the government claims at this time are made in furtherance of the charged conspiracy. Under *Bruton v. United States*, 391 U.S. 123 (1968), statements by co-conspirators in the furtherance of a conspiracy are generally admissible.

**Motion to Compel (#39)**

The Motion to Compel (#39) identification of cooperating witness is not resisted by the government as the government believes the cooperating witness to be a percipient witness. The motion is granted in part and denied in part.

The seminal case dealing with the disclosure of confidential informants is *Roviaro v. United States*, 353 U.S. 53 (1957), where the Supreme Court recognized the government's

privilege to withhold the disclosure of the identity of a confidential informant. In *Roviaro,* the court declined to adopt a fixed rule for determining when disclosure was required. Instead, it adopted a balancing test which includes weighing the considerations of public interests in protecting the flow of information, against the individual's right to prepare his defense. *Roviaro* also requires the consideration of factors, including the crime charged, possible defenses, possible significance of the informant's testimony, and other relative factors.

The threshold issue is whether the informant is a material witness. Disclosure of a confidential informant is not mandated, "unless it is vital to a fair trial." *United States v. Bourbon*, 819 F.2d 856, 860 (8th Cir. 1987). "Where the witness is an active participant or witness to the offense charged, disclosure will almost always be material to the accused's defense." *Devose v. Morris*, 53 F.3d 201, 206 (8th Cir. 1995) (footnote omitted). However, if the informant acts as a mere "tipster," i.e., a person who merely conveys information but does not witness or participate in the offense, "disclosure is not required." *Bourbon*, 819 F.2d at 860. "In order to override the government's privilege of non-disclosure, defendants must establish beyond mere speculation that the informant's testimony will be material to determination of the case." *United States v. Harrington*, 951 F.2d 876, 877 (8th Cir. 1991), *United States v. Hollis,* 245 F.3d 677 (8th Cir. 2001).

After applying the law to the facts of this case, I find the defendant has, based upon the government's admission, established beyond mere speculation, given the cooperating witness' involvement as a witness or participation in the crime charged, that disclosure is

material to the determination of the case. I find the government does have a legal obligation under the facts of this case, to reveal the identity of the cooperating witness.

The government shall disclose the name of the cooperating witness, fourteen (14) days prior to trial.

As to the other mentioned items in the motion to compel involving requests by the defendant for discovery, the motion is denied, however, the government was reminded on the record, as officers of the court, of their responsibilities under the Federal Rules of Criminal Procedure and current case law.

**IT IS ORDERED:**

1. The defendant's Motion to Sever (#37) his trial from that of his co-defendant, Francisco Monzon-Rivas, is denied.

2. The defendant's Motion to Compel (#39) is granted as to the identification of cooperating witness. The government shall disclose the name of the cooperating witness fourteen (14) days prior to trial. The motion is denied as to the requests for discovery.

3. A party may object to a magistrate judge's order by filing an "Objection to Magistrate Judge's Order" within 14 days after being served with the order. The objecting party must comply with all requirements of NECrimR 59.2.

Dated this 22nd day of December 2010.

BY THE COURT:

s/ F.A. Gossett, III
United States Magistrate Judge